UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SHAMROCK ENTERPRISES L L C OF ALABAMA** | : | **CIVIL ACTION NO. 2:24-cv-01189** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **TOP NOTCH MOVERS LLC, ET AL.** | : | **MAGISTRATE JUDGE LEBLANC** |

## NOTICE AND ORDER

Before the court are *ex parte* motions for relief filed by defendants [doc. 26] and plaintiff [doc. 29]. Before addressing the requested relief, the court must assess its subject matter jurisdiction over this dispute.

The record does not contain an adequate allegation of defendants' citizenship for purposes of diversity jurisdiction under 28 U.S.C. § 1332. The complaint alleges that defendant "Top Notch Movers, LLC ("Top Notch"), [is] a Texas limited liability company with its principal place of business in Corpus Christi, Nueces County, Texas." Doc. 1, p. 1. For diversity purposes, a limited liability company's citizenship is determined by the citizenship of all its members, with its state of incorporation and principal place of business being irrelevant. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008). Instead of listing the citizenship of all its members, the complaint improperly lists state of incorporation and principal place of business. Accordingly,

**IT IS ORDERED** that, on or before **October 10, 2025**, Top Notch Movers, LLC is to file a Diversity Jurisdiction Disclosure Statement using the proper method to allege its citizenship, *i.e.*, the citizenship of all its members.

Additionally, the complaint alleges that individual defendants Mario Alfonso Gomez, Jr. and Monica Marie Gomez are "residents" of Corpus Christi, Texas. Doc. 1, p. 1. The complaint elsewhere refers to the individual defendants as "citizens" of Texas. *Id.* at 2. For diversity purposes, an individual's citizenship is determined by her domicile, and an allegation of residency, on its own, "does not satisfy the requirement of an allegation of citizenship." *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) and *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)). Instead of listing their state of domicile, plaintiff listed defendants' state of residence. Doc. 1, ¶ 1. Accordingly, in the interest of clarity,

**IT IS FURTHER ORDERED** that, on or before **October 10, 2025**, defendants Mario Alfonso Gomez, Jr. and Monica Marie Gomez are to file a Diversity Jurisdiction Disclosure Statement in the record using the proper method to allege their citizenship, *i.e.*, the state where they are domiciled.

**SO ORDERED** at Lake Charles, Louisiana, this 3rd day of October, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**